# Richmond.

## OSBORN v. DARBY COAL MINING CO.

### November 11, 1915.

1.  MASTER AND SERVANT—*Unsafe Place—Failure to Notify Servant—Demurrer to Evidence—Testimony of Servant.*—In an action by a servant against the master to recover for a personal injury resulting from being put to work at a place known by the master to be unsafe, without notice of the danger, on a demurrer to the evidence by the defendant, the positive testimony of the servant to the effect that he was directed by the machine foreman of the defendant to work at the place where the accident occurred is sufficient upon that point to sustain the servant's contention, and the demurrer to the evidence should have been overruled. The other points raised are controlled by *Darby Coal Mining Co.* v. *Shoop,* 116 Va. 848, which grew out of the same accident.

Error to a judgment of the Circuit Court of Lee county in an action of trespass on the case.   Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*C. R. McCorkle* and *E. M. Fulton,* for the plaintiff in error.

*Bullitt & Chalkley* and *R. T. Irvine,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Two persons, Shoop and Osborn, were injured by a fall of slate in the mine of the Darby Coal Mining Company, in May, 1913, and they brought separate suits to recover damages for

the injuries which they sustained. Shoop's case was heard and a judgment rendered in his favor for $3,000, to which judgment a writ of error was awarded, and the case is reported in 116 Va. at p. 848, 83 S. E. 412. In the suit brought by Osborn there was a demurrer to the evidence by the defendant, the jury rendered a verdict for $2,000, subject to the demurrer, and the circuit court sustaining the demurrer rendered judgment for the defendant, and that case is before us for review upon a writ of error.

The evidence in the two cases was substantially the same. In the opinion delivered by Judge Cardwell in *Darby Coal Mining Co.* v. *Shoop, supra,* he states: "Plaintiff bases the liability of the defendant to him in this action upon the ground that the place in which he was sent to work was in an unsafe and dangerous condition, of which the defendant, through its mine foreman, had knowledge, and he, the plaintiff, was ignorant; while the defendant defends the action upon the grounds, (1) that it was not guilty of negligence; (2) that the plaintiff was guilty of contributory negligence, and (3) that he assumed the risk of the danger of his employment." The same claim of liability against the defendant is made in this case and the same grounds of defense are relied upon.

In the Shoop case an instruction given at the instance of the plaintiff was objected to by the defendant, on the ground that it ignored the defendant's theory that it had a right to abandon places in its mine which it had completed according to its plan of work and was no longer required to keep them in a safe condition. "It is not questioned," said Judge Cardwell, "that defendant had the right to abandon places in its mine which it had completed according to its plan of work, but the question presented by the evidence was, if the room in which plaintiff was directed to work had, in fact, been abandoned, there being no sufficient visible indications of its abandonment, whether or not it was the duty of the defendant to use reasonable care for the protection of its servants who were sent there to work. In other

words, if the room in question had been, in fact, abandoned and there were no visible indications of its abandonment, was it or not the duty of the defendant to give notice and warning to all of its servants who, having no knowledge of the changed plans, would be likely to be led into the room in the performance of their duties?" The same question is presented in this case, and the same conclusion must be reached. The visible indications of abandonment in this case are the same that were relied upon in the Shoop case, which the court held to be insufficient. It is contended in the case under consideration that warning was given to Osborn that the room in question had been abandoned, but this Osborn denies and on the contrary asserts that he was specifically directed by Conken to work in the second roadway of No. 3, the place where the fall of slate occurred which caused the injury, and it is an agreed fact that the machine foreman for the defendant company told the plaintiff Osborn to go up on the "second right of 3 face" and cut all the coal of John Conken which was ready for cutting before they came off. Conken, in his examination as a witness on behalf of the defendant in error was asked whether or not he had told Osborn that the place where they were hurt was the only place ready to cut, and for them to go in and cut it. His answer was, "No, sir; I don't think I did." He was then asked: "Was there any such conversation as that had between you that morning?" Answer, "Not any that I have any mind of." There can be no doubt that the positive statement of Osborn to the effect that he was directed to work at the place where the accident occurred is sufficient upon that point to maintain the verdict upon a demurrer to the evidence, and if that position needed further corroboration, it is to be found in the half-hearted denial made by Conken.

Upon the question of the negligence of the Darby Coal Mining Company and the contributory negligence of Osborn, we deem it sufficient to refer to the opinion of the court in *Darby Coal Mining Co.* v. *Shoop, supra.* The evidence as to the phys-

ical condition of the room as constituting evidence of an abandonment of work at the place of the accident is also sufficiently discussed in that opinion, and, as we have already said, there is no sufficient evidence that notice and warning were given Osborn of the abandonment of work at the point in controversy.

We are, therefore, of opinion that the court erred in sustaining the demurrer to the evidence, and this court, proceeding to enter such judgment as the circuit court ought to have entered, will overrule the demurrer and enter judgment upon the verdict.

*Reversed.*